IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA,     *
   *
       Plaintiff,     *
vs.     *     No. 4:08-cr-00218-SWW
   *
   *
BRUCE EASLEY,     *
   *
       Defendant.     *

## ORDER

Defendant Bruce Easley was charged in a three-count indictment with knowingly transmitting in interstate commerce threats to injure the person of another, namely by making telephone calls to the Federal Aviation Administration stating he would down an aircraft and making a telephone call to the Little Rock FBI office stating he would down an aircraft and kill an individual known to the grand jury, all in violation of 18 U.S.C. § 875(c). On September 11, 2008, defendant waived his right to a jury trial and this Court held a bench trial that same day. The government stated that it would have no objection to a finding of not guilty by reason of insanity, and this Court found there has been no evidence to refute the psychologist's determination that defendant was operating under a delusional belief system at the time of the acts charged in the indictment. That being so, and as there was no dispute that defendant committed the acts charged in

the indictment, the Court found defendant not guilty only by reason of insanity.

On September 15, 2008, the Court entered an order directing that defendant be subject to certain conditions of release. Approximately one and a half years later, in March 2010, the Court was notified by the United States Probation Office of certain conduct by defendant that may constitute a violation of the conditions of his release.

On April 27, 2010, this Court held a hearing to show cause why defendant's conditions of release should not be revoked pursuant to 18 U.S.C. § 4243(g). At the hearing, the evidence established that defendant has failed to adhere to his prescribed regimen of medical, psychiatric, or psychological care or treatment and that he has made indirect threats to the Federal Aviation Administration, the most recent being on April 26, 2010, the day before the show cause hearing. In light of defendant's failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the Court found that his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. Accordingly, the Court ordered that defendant's conditions of release be revoked and that defendant be committed to a suitable facility pursuant to 18 U.S.C. § 4243(g) until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(e).

Now before the Court is a *pro se* motion of defendant for an unconditional

discharge hearing pursuant to 18 U.S.C. § 4247(h) [doc.#42]. That section

provides:

> **(h) Discharge**.--Regardless of whether the director of the facility in
> which a person is committed has filed a certificate pursuant to the
> provisions of subsection (e) of section 4241, 4244, 4245, 4246, or
> 4248 or subsection (f) of section 4243, counsel for the person or his
> legal guardian may, at any time during such person's commitment, file
> with the court that ordered the commitment a motion for a hearing to
> determine whether the person should be discharged from such facility,
> but no such motion may be filed within one hundred and eighty days
> of a court determination that the person should continue to be
> committed. A copy of the motion shall be sent to the director of the
> facility in which the person is committed and to the attorney for the
> Government.

The Court orders that the Clerk of Court send a copy of defendant's motion

for an unconditional discharge hearing [doc.#42], the government's response to

defendant's motion [doc.#46], and this Order to the Director of the Federal

Medical Center in Rochester, Minnesota, defendant's current place of confinement

(according to the docket and government). In addition, the Court directs that the

Clerk of Court send a copy of defendant's motion for an unconditional discharge

hearing [doc.#42] to the United States Attorney for the Eastern District of

Arkansas.[1] Finally, the Court requests that as soon as practicable, the Director of

---

[1] Although the United States Attorney for the Eastern District of Arkansas has already
been apprised of defendant's motion, the statute directs that a copy of defendant's motion "shall

the Federal Medical Center in which defendant is confined provide to the Court an updated Risk Assessment for the defendant.[2]  The Court will hold defendant's motion for an unconditional discharge hearing in abeyance pending receipt of the updated Risk Assessment.

IT IS SO ORDERED this 23rd day of July 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

be sent to the attorney for the Government."

[2] Risk Assessments were last filed on August 9, 2011 and June 29, 2012.